IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JAMES COBBINS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. ) |
| DOLGENCORP, LLC, d/b/a DOLLAR GENERAL STORE #17779 | ) Removed from Jackson County ) Case No. 2216-CV09190 |
| Defendant. | ) ) ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Dolgencorp, LLC d/b/a Dollar General Store #17779 (hereinafter "Defendant"), by and through its counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, and 28 U.S.C. § 1332, hereby removes this action from the Circuit Court of Jackson County, Missouri, based on the following grounds:

1. This Defendant has been named in a civil action brought in the Circuit Court of Jackson County, Missouri, assigned Case No. 2216-CV09190. A copy of the Petition for Damages was never served on this Defendant and is attached as **Exhibit 1**. Plaintiff claims Defendant was served on May 3, 2002, by special process server upon CSC, its registered agent in Jefferson City, Missouri (as set forth in **Exhibit 2**.)[1].

2. The claims alleged against this Defendant are for liability for the alleged negligent acts and omissions of Defendant Dolgencorp, LLC d/b/a Dollar General Store #17779.

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), in that it is being filed despite Defendant never being properly served.

---

[1] Defendant disputes this service and contends it was never properly served as set forth in paragraphs 4 and 5 of the Notice of Removal.

Page **1** of **6**
Case 4:22-cv-00409-BCW   Document 1   Filed 06/21/22   Page 1 of 6
F:\WPDOCS\79\79.091\Federal Court Pleadings\Notice of Removal.docx

4. Defendant Dolgencorp, LLC was never served in this case. Although Plaintiff claims a private process server submitted service of the pleadings upon CSC Corporation in Jefferson City, Missouri, CSC Corporation denies receiving such pleadings or service. See attached Affidavit of Steve Kirvan, a paralegal in CSC's legal department. (**Exhibit 3**). Mr. Kirvan did a full and complete review of CSC's records, and could not find any record of the documents Plaintiff claims were served on CSC in Jefferson City, Missouri.

5. Also attached is the Affidavit of Shelly Lewis, the name of the employee for CSC set forth in Plaintiff's Affidavit of Service. (**See Exhibit 4**). Ms. Lewis was present in the office of CSC on May 3, 2022, but disavows any recollection of the documents constituting service and pleadings in this case being delivers to her. It is the regular course of business that when Ms. Lewis obtains documents, she scans them into the CSC "LMS" system upon receipt. No such documents were scanned into LMS, and Ms. Lewis concludes she never received the documents.

6. Removal is proper under 28 U.S.C. §§ 1332, 1441 and 1446 because there is complete diversity of citizenship and the matter in controversy exceeds the sum or value of $25,000.00 exclusive of interest and costs, as explained below. *See* 28 U.S.C. § 1446(a) (defendants need provide only "a short and plain statement of the grounds for removal"); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 553-54 (2014) (Section 1446 "[t]racks the general pleading requirements stated in [Fed. R. Civ. P.] 8(a)," and submissions of proof are only necessary if the plaintiff or court contests the allegations in the notice of removal).

Page **2** of **6**
Case 4:22-cv-00409-BCW   Document 1   Filed 06/21/22   Page 2 of 6
F:\WPDOCS\79\79.091\Federal Court Pleadings\Notice of Removal.docx

a. **Diversity of Citizenship**. The Plaintiff is alleged to be a resident and citizen of Raytown, Missouri. This Defendant is a foreign limited liability corporation organized and existing under the laws of Kentucky and thus is a citizen of Kentucky.

b. **Amount in Controversy**. The matter in controversy exceeds the sum or value of Twenty-Five Thousand Dollars ($25,000.00) exclusive of interests and costs. Specifically, this case involves claims for alleged negligence and damages arising from a slip and fall accident occurring on or about January 2, 2021. In this action, Plaintiff claims to have "suffered injuries to his back, neck and radicular symptoms or numbness and tingling going into his legs. . . to incur medical care and treatment expenses and will be required to incur further expense for additional care and treatment in the future" per paragraph 17 of the Petition. Further, Plaintiff seeks damages "including but not limited to, past and future medical expenses and other economic losses, past and future non-economic damages for his pain, suffering and disability in such sums as are fair and reasonable in an amount greater than $25,000.00, together with the costs herein expended, attorneys' fees and for such other and further relief as the Court deems just and proper" per the prayer for relief in the Petition. Moreover, Defendant has received a demand from Plaintiff for $100,000. Therefore, it is anticipated Plaintiff's alleged combined claims for damages exceed the required $75,000 jurisdictional threshold for the amount in controversy. The Eighth Circuit has held that attorney's fees and penalties may be considered when determining the jurisdictional amount. *Crawford v. Hoffman-LaRoche, Ltd.*, 267 F. 3d 760, 765 (8th Cir. 2001); *see also Kerr v. Ace Cash Experts, Inc.*, No. 4:10-CV-1694, 2010 WL 5177977, at *1 (E.D. Mo. Dec. 14, 2010) (considering punitive damages and attorney fees in removal analysis).

7. Defendant will file its Answer or otherwise respond to the Petition within seven days after filing this Notice of Removal, pursuant to F.R.C.P. 81(c).

Page **3** of **6**
Case 4:22-cv-00409-BCW   Document 1   Filed 06/21/22   Page 3 of 6
F:\WPDOCS\79\79.091\Federal Court Pleadings\Notice of Removal.docx

8. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal with its attachments will be served promptly on Plaintiff through their counsel of record in the State Court Action, and a true and correct copy of this Notice will be filed with the clerk of the Circuit Court of Jackson County, Missouri. The Notice of Filing Removal to Federal Court (without exhibits) which is being filed with the Circuit Court of Jackson County, Missouri, will be filed with the Clerk of this Court within three business days of filing the notice of removal to Circuit Court of Jackson County, Missouri and that has been acknowledged by the Clerk of the Jackson County Circuit Court.

9. Venue in this Court is proper. Pursuant to 28 U.S.C. § 1446(a), Defendant files this Notice of Removal in the District Court of the United States for the district and division within which the State Court Action is pending. *See also*, *Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 665-66 (1953) (venue removed in cases is controlled by the removal statute, rather than the general venue statute, which requires removal to "the district and division embracing the place where such action is pending").

10. By this Notice of Removal, Defendant does not waive any defenses or objections it may have to this action; does not intend any admission of fact, law, or liability; and expressly reserves all defenses, motions, and pleas.

WHEREFORE Defendant Dolgencorp, LLC d/b/a Dollar General Store #17779. hereby removes the Circuit Court of Jackson County, Missouri case entitled *James Cobbins v. Dolgencorp, LLC d/b/a Dollar General Store #17779,* Case No. 2216-CV09190, to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367, and 1453, and other relevant and applicable law, as if this action had been originally filed in

F:\WPDOCS\79\79.091\Federal Court Pleadings\Notice of Removal.docx

this Court, seeks that further proceedings in the State Court Action be stayed in all respects, and that Defendant obtains all additional relief to which it is entitled.

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

*/s/ Bradley C. Nielsen*
BRADLEY C. NIELSEN #39725
BEN RAMBERG #73905
8900 Ward Parkway
Kansas City, Missouri 64114
(816) 421-7100
(816) 421-7915 (Fax)
bnielsen@fsmlawfirm.com
bramberg@fsmlawfirm.com
**Attorneys for Defendant**

Page **5** of **6**
Case 4:22-cv-00409-BCW   Document 1   Filed 06/21/22   Page 5 of 6
F:\WPDOCS\79\79.091\Federal Court Pleadings\Notice of Removal.docx

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the above and foregoing was electronically filed with the Clerk of the District Court; via the Courts e-filing system; and served via electronic mail this 21st day of June, 2022, to:


Kahlie M. Hoffman    MO #67365
Chelsea Oxton Dickerson    MO#63374
Dickerson Oxton, LLC
1200 Main Street, Suite 2120
Kansas City, Missouri 64105
khoffman@dickersonoxton.com
cdickerson@dickersonoxton.com
**Attorneys for Plaintiff**


 */s/ Bradley C. Nielsen*
**Attorney for Defendant**

Page **6** of **6**
Case 4:22-cv-00409-BCW   Document 1   Filed 06/21/22   Page 6 of 6
F:\WPDOCS\79\79.091\Federal Court Pleadings\Notice of Removal.docx