IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JAMES COBBINS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 4:22-cv-00409-BCW ) |
| DOLGENCORP, LLC, d/b/a DOLLAR GENERAL STORE #17779 | ) Removed from Jackson County ) Case No. 2216-CV09190 ) |
| Defendant. | ) |

**DEFENDANT DOLGENCORP, LLC D/B/A DOLLAR GENERAL STORE #17779'S ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES**

For its Answer to Plaintiff's Petition for Damages, Defendant Dolgencorp, LLC d/b/a Dollar General Store #17779, states, alleges, and avers as follows:

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Petition, and therefore denies the same.

2. Defendant denies it was properly served through its registered agent, CSC – Lawyers Incorporating Service Company at 221 Bolliver Street in Jefferson City, Missouri. Defendant admits the remaining allegations set forth in paragraph 2 of Plaintiff's Petition.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Petition, and therefore denies the same.

**FACTS COMMON TO ALL COUNTS**

4. In response to paragraph 4 of Plaintiff's Petition, Defendant incorporates by this reference each and every statement, allegation, and averment contained in paragraph 1 through 3 of this Answer as if set forth fully herein.

Page **1** of **5**
Case 4:22-cv-00409-BCW   Document 5   Filed 06/22/22   Page 1 of 5
F:\WPDOCS\79\79.091\Federal Court Pleadings\Answer and Affirmative Defenses.docx

5. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Petition, and therefore denies the same.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Petition, and therefore denies the same.

7. Defendant denies an icy sidewalk. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of Plaintiff's Petition, and therefore denies the same.

8. Defendant denies the allegations contained in paragraph 8 of Plaintiff's Petition.

## COUNT I
### (Negligence of Defendant Dolgencorp, LLC

9. In response to paragraph 9 of Count I of Plaintiff's Petition, Defendant incorporates by this reference each and every statement, allegation and averment contained in paragraphs 1 through 8 of this Answer as if set forth fully herein.

10. Defendant is without sufficient knowledge or information to form a belief as to whether or not "the Incident" occurred, and therefore denies same. Defendant admits the remaining allegations set forth in paragraph 10 of Count I of Plaintiff's Petition.

11. Defendant admits the allegations contained in paragraph 11 of Count I of Plaintiff's Petition.

12. Defendant denies the allegations contained in paragraph 12 of Count I of Plaintiff's Petition.

13. Defendant denies the allegations contained in paragraph 13 of Count I of Plaintiff's Petition.

14. Defendant denies the allegations contained in paragraph 14 of Count I of Plaintiff's Petition.

F:\WPDOCS\79\79.091\Federal Court Pleadings\Answer and Affirmative Defenses.docx

15. Defendant denies all the allegations contained in paragraph 15 of Count I of Plaintiff's Petition, including subparts i. through vi.

16. Defendant denies the allegations contained in paragraph 16 of Count I of Plaintiff's Petition.

17. Defendant denies the allegations contained in paragraph 17 of Count I of Plaintiff's Petition, including subparts i. through iv.

## AFFIRMATIVE DEFENSES APPLICABLE TO ALL COUNTS

18. Plaintiff's Petition fails to state a claim or cause of action upon which relief can be granted against this Defendant, and should accordingly be dismissed.

19. Plaintiff James Cobbins failed to mitigate his damages.

20. If Plaintiff sustained any injury or damage, which is denied, then such claimed injury or damage was not directly caused or directly contributed to be caused by the negligence or fault of these Defendants, but rather was directly caused or directly contributed to be caused by the negligence or fault of Plaintiff, in that Plaintiff Aaron Young:

    a. Failed to keep a careful lookout;

    b. Failed to appreciate an open and obvious condition;

    c. Assumed the risk of any action given the open and obvious nature of the of which he complains;

    d. Was otherwise negligent and/or at fault;

and if any fault or negligence or fault is found it must be compared and allocated among all those parties found to be causally negligent or at fault.

21. Plaintiff's assumption of risk bars his recovery in this action.

22. Plaintiff's failure to appreciate an open and obvious risk and open and obvious condition bars his recovery in this case.

F:\WPDOCS\79\79.091\Federal Court Pleadings\Answer and Affirmative Defenses.docx

23. Defendant reserves the right to incorporate further affirmative defenses or third-party claims as facts become known through pretrial discovery and preparation.

24. Defendant denies each and every allegation of Plaintiff's Petition not specifically admitted or denies herein.

25. This Defendant states that pursuant to §490.715.5, Mo. Rev. Stat., Plaintiff is entitled only to the actual cost of medical care which shall not exceed the dollar amounts paid by or on behalf of a plaintiff or a patient whose care is at issue plus any remaining dollar amount necessary to satisfy the financial obligation for medical care or treatment by a healthcare provider after adjustment for any contractual discounts, price reduction, or right off by any person or entity.

WHEREFORE, having fully answered Plaintiff's Petition for Damages, Defendant Dolgencorp, LLC respectfully prays the Order of this Court dismissing Plaintiff's claims against it, for its costs herein incurred, and for such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendant hereby demand a trial by jury on all triable issues.

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

 */s/ Bradley C. Nielsen*
BRADLEY C. NIELSEN #39725
BEN RAMBERG #73905
8900 Ward Parkway
Kansas City, Missouri 64114
(816) 421-7100
(816) 421-7915 (Fax)
bnielsen@fsmlawfirm.com
bramberg@fsmlawfirm.com
**Attorneys for Defendant**

Page **4** of **5**
Case 4:22-cv-00409-BCW   Document 5   Filed 06/22/22   Page 4 of 5
F:\WPDOCS\79\79.091\Federal Court Pleadings\Answer and Affirmative Defenses.docx

## **CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the above and foregoing was electronically filed with the Clerk of the U. S. District Court for the Western District of Missouri; via the Courts e-filing system; and served via electronic mail this 22nd day of June, 2022, to:

Kahlie M. Hoffman    MO #67365
Chelsea Oxton Dickerson    MO#63374
Dickerson Oxton, LLC
1200 Main Street, Suite 2120
Kansas City, Missouri 64105
khoffman@dickersonoxton.com
cdickerson@dickersonoxton.com
**Attorneys for Plaintiff**


 */s/ Bradley C. Nielsen*
**Attorney for Defendant**

Page **5** of **5**
Case 4:22-cv-00409-BCW   Document 5   Filed 06/22/22   Page 5 of 5
F:\WPDOCS\79\79.091\Federal Court Pleadings\Answer and Affirmative Defenses.docx